FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2007 NOV 16  P 3:48

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| International Information Systems Security Certifications Consortium<br>33920 US 19 North, Suite 205<br>Palm Harbor, Florida 34684<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>Miko Degraphenreed<br>40 W. Long St., Suite 784<br>Columbus, OH 43215<br><br>　　　and<br><br>Degrapheinread Information Systems Security Corporation<br>c/o Miko Degraphenreed<br>40 W. Long St., Suite 784<br>Columbus, OH 43215,<br><br>　　　and<br><br>Google, Incorporated<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br><br>　　　and<br><br>Yahoo!, Incorporated<br>701 First Avenue<br>Sunnyvale, CA 94089<br><br>　　　Defendants. | Case No.: **2:07 cv 195**<br><br>Judge　**JUDGE MARBLEY**<br><br>Magistrate Judge<br><br>　　**MAGISTRATE JUDGE KING** |

**PLAINTIFF INTERNATIONAL INFORMATION SYSTEMS
SECURITY CERTIFICATIONS CONSORTIUM'S
<u>COMPLAINT FOR TRADEMARK INFRINGEMENT</u>**

Plaintiff, International Information Systems Security Certifications Consortium ("(ISC)$^2$") for its Complaint against Defendants Miko Degraphenreed ("Degraphenreed"), Degrapheinread Information Systems Security Corporation ("DISSC" or "DISS Corp."), Google, Inc. ("Google"), and Yahoo!, Inc. ("Yahoo") states as follows:

### *The Parties*

1. (ISC)$^2$ is a non-profit corporation organized under the laws of the State of Massachusetts and has its principal place of business in Palm Harbor, Florida.

2. Upon information and belief, Defendant Miko Degraphenreed is citizen of the United States domiciled in Columbus, Ohio.

3. Upon information and belief, Defendant DISS Corp. is a former corporation organized under the laws of the State of Ohio with its principal place of business in Ohio.

4. Upon information and belief, the Ohio Secretary of State's office cancelled Degrapheinread Information Systems Security Corporation's certificate of incorporation on July 19, 2005 for nonpayment of fees. DISS Corp. is named as a defendant, however, because some of the infringing activity described herein continues to be carried on in the name of DISS Corp.

5. Upon information and belief, Defendant Google, Inc., is a Delaware corporation with its principal place of business located at Mountain View, California.

6. Upon information and belief, Defendant Yahoo!, Inc. is a Delaware corporation with its principal place of business located at Sunnyvale, California.

## Nature of the Action

7. This is an action for trademark infringement under §32 of the Lanham Act, 15 U.S.C. §1114; federal unfair competition and false designation of origin under §43(a) of the Lanham Act, 15 U.S.C. §1125(a); federal dilution under §43(c) of the Lanham Act, 15 U.S.C. §1125(c); a Deceptive Trade Practice under §4165.02 of the Ohio Revised Code; common law infringement and unfair competition; common law dilution; and misappropriation and unjust enrichment.

8. This action arises from the Defendants' infringement and violation of (ISC)$^2$'s rights in its long-standing and valuable registered mark "CISSP®".

9. "CISSP®" is an acronym for the Certified Information Systems Security Professional certification administered by (ISC)$^2$.

10. (ISC)$^2$ owns U.S. Federal Registration No. 2,045,256 for "CISSP®", which issued March 18, 1997 and was renewed on April 28, 2007.

11. Defendant Degraphenreed is a former legitimate holder of the "CISSP®" credential, but this certification lapsed on July 9, 2006.

12. Defendant Degraphenreed recently adopted and began using the title "Chief Information Systems Security Practitioner", abbreviated as "CISSP", on various Internet sites purportedly utilized for commercial or promotional purposes. Upon information and belief, Degraphenreed or DISS Corp. maintain the following websites containing content that infringes on (ISC)$^2$'s registered mark: http://mikodegraphenreedcissp.blogspot.com, http://www-v2.blogspot.com, http://degrapm.blogspot.com, http://cissplist.blogspot.com, http://degrapmd.blogspot.com, http://mikodegraphenreed.blogspot.com, and a Yahoo!

Groups titled "cissp-MikoD", "degrapm", "cissp-humour-impaired", "cissp-clueless", and "cissp-censorship". Defendants Degraphenreed and DISS Corp. employ this modified version of (ISC)$^2$'s registered mark with full knowledge of, and disregard to, (ISC)$^2$'s use of and rights in its "CISSP®" mark. Defendant Degraphenreed also maintains a copy of (ISC)$^2$'s official "CISSP®" logo on an Internet photography hosting site, located at http://www.flickr.com/photos/degrapm.

13. Defendants Degraphenreed's and DISS Corp.'s adoption and use of "Chief Information Systems Security Practitioner" or "CISSP" is, and continues to be, willful and deliberate. Degraphenreed and DISS Corp. adopted, use, and continue to use "Chief Information Systems Security Practitioner" or "CISSP" with the actual knowledge of, and in reckless disregard to, (ISC)$^2$'s rights in, and federal registration for, its "CISSP®" mark.

14. Several of the websites containing infringing material are published on the Internet through a service called "Blogger."

15. Upon information and belief, Blogger is owned by Defendant Google, and websites published through Blogger are hosted on servers owned or controlled by Google.

16. Upon information and belief, Google has the ability to remove or delete infringing or otherwise illegal or objectionable material posted on Blogger from the Internet.

17. Defendant Degraphenreed has also published infringing material by means of electronic mail groups called "cissp-MikoD", "degrapm", "cissp-humour-impaired", "cissp-clueless", and "cissp-censorship" that are maintained through "Yahoo! Groups."

Upon information and belief, "Yahoo! Groups" is a service owned and operated by Defendant Yahoo which allows group members to exchange messages.

18. Upon information and belief, "Flickr" is an Internet-based photography hosting and publishing service that is owned by or is a subsidiary of Defendant Yahoo.

19. Upon information and belief, Yahoo has the ability to remove or delete infringing or otherwise illegal or objectionable material posted on Yahoo! Groups or Flickr from the Internet.

### *Jurisdiction and Venue*

20. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

21. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

### *(ISC)$^2$'s Business and Adoption and Use of Its Marks*

22. Plaintiff (ISC)$^2$ was formed in 1989 to develop an accepted industry standard for the information security practice. Thus, since the dawn of the Internet era, (ISC)$^2$ has been a leader in the field of information technology and security. (ISC)$^2$ is the non-profit leader in educating and certifying information security professionals throughout the world.

23. (ISC)$^2$ currently has 55,000 certified information security professional members in more than 120 countries.

24. (ISC)$^2$ first awarded the "CISSP®" certification to qualified individuals in 1994. "CISSP®" is a principal mark of (ISC)$^2$. (ISC)$^2$ owns U.S. Federal Registration No. 2,045,256 for "CISSP®", which issued March 18, 1997 and was renewed on April 28, 2007.

25. Before launching its "CISSP®" accreditation program, (ISC)² laid extensive groundwork by compiling and distilling an overwhelming compendium of information to form the basis for the examination. (ISC)² tested and re-tested the proposed "CISSP®" exam to ensure the highest quality evaluation of an applicant's knowledge and skills.

26. (ISC)² continues to improve its "CISSP®" exam to adapt to changing technologies and business security needs.

27. (ISC)² protects the integrity of its "CISSP®" mark by requiring high standards for applicants and certified individuals. Applicants for the "CISSP®" exam must have a minimum of five years of prior experience in two of the domains covered by the exam. Applicants must also pledge to obey the (ISC)² Code of Ethics. Once certified as a "CISSP®", an individual must earn 120 hours of Continuing Professional Education credits every three years and pay an annual maintenance fee.

28. Due to the quality of (ISC)²'s program and efforts to improve and safeguard its mark, "CISSP®" has become a widely recognized and highly-valued credential in the information technology and security field. The "CISSP®" certification was the first credential accredited by the American National Standards Institute ("ANSI") as meeting the International Organization for Standardization ("ISO") Standard 17024:2003 in the field of information security. Accreditation by the ANSI requires (ISC)² to diligently maintain high international testing and certification standards. Surveys of the information technology and security field report that holders of the "CISSP®" certification are highly-regarded and among the best-paid professionals in the field.

29. In the years since 1994, (ISC)² has developed other certifications, many of which are signified by registered marks. These certifications include Information Systems Security Architecture Professional ("ISSAP®"), Information Systems Security Management Professional ("ISSMP®"), and Systems Security Certified Practitioner ("SSCP®").

30. (ISC)²'s broad clientele includes esteemed organizations, such as Scotland Yard, Interpol, Deloitte, Microsoft, the United States Department of Justice, the United States Department of Defense, as well as government agencies in Singapore, Japan, and China. (ISC)²'s registered marks are a signature element of its accreditation programs, and protecting the integrity of these marks is vital to (ISC)²'s business interests.

### *Degraphenreed's and DISS Corp.'s Actions and Adoption and Use of "Chief Information Systems Security Practitioner" or "CISSP"*

31. Defendant Degraphenreed formerly earned certification as a "CISSP®" by successfully completing the "CISSP®" exam on April 9, 2003. (ISC)² certified Degraphenreed as a "CISSP®" on July 9, 2003.

32. Degraphenreed failed to adhere to the (ISC)² Code of Ethics, failed to earn and submit the required Continuing Professional Education credits, and failed to pay his annual maintenance fees. As a result of these failures, Degraphenreed's "CISSP®" certification lapsed on July 9, 2006.

33. At various times on or after the lapse of his "CISSP®" certification, Degraphenreed made Internet postings referring to himself as a "Chief Information Systems Security Practitioner" or "CISSP".

34. Degraphenreed's choice of title is an attempt to artfully avoid the requirements of federal trademark law by modifying the words "Certified" and

"Professional" from the "CISSP®" title to "Chief" and "Practitioner," while still permitting Degraphenreed to claim use of the acronym "CISSP". In fact, Degraphenreed likely relied on another of (ISC)²'s registered marks, "SSCP®", when choosing the term "Practitioner" as part of his self-appointed title.

35. On December 21, 2006, counsel for (ISC)² informed Degraphenreed that his use of "Chief Information Systems Security Practitioner" and "CISSP" was a continuing infringement of (ISC)²'s federally-registered mark. (ISC)² objected to Degraphenreed's activities and directed him to immediately cease and desist use of its mark.

36. After receiving this cease and desist letter, Degraphenreed continued to maintain Internet sites and make new Internet postings wherein he referred to himself as "Chief Information Systems Security Practitioner" or "CISSP".

37. Confusion in the marketplace is not only likely but almost certain to occur, if it has not already. Defendants have adopted and are using a title and acronym that contains a dominant component virtually identical to (ISC)²'s "CISSP®" mark. Degraphenreed's behavior and conduct will reflect back upon (ISC)² in the mind of consumers and business affiliates because the use of the acronym "CISSP" carries the impression of (ISC)²'s sanction and approval.

38. Defendants Degraphenreed and DISS Corp. adopted, used and continue to use the title "Chief Information Systems Security Practitioner" or acronym "CISSP" despite their actual or imputed knowledge of (ISC)²'s use and ownership of, and Federal Registration for, its "CISSP®" mark.

## *Likelihood of Confusion*

39. Defendants' use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP" in marketing its professional services is likely to cause confusion, to cause mistake, and to deceive the consumer as to the origin, source and sponsorship of the services.

40. Defendants' use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP" will mistakenly suggest to consumers that $(ISC)^2$ in some way sponsors or approves of the Defendants' actions or services, or that the Defendants are affiliated with $(ISC)^2$ or have successfully earned and maintained the "CISSP®" certification.

41. Defendants' use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP" constitutes false advertising and a false designation of origin which is likely to deceive customers. In viewing "Chief Information Systems Security Practitioner" or "CISSP" in connection with the Defendants' services, consumers are likely to purchase the Defendants' services believing they are affiliated with or approved by $(ISC)^2$, resulting in a loss to $(ISC)^2$'s credibility if and when the consumer becomes disillusioned or disappointed with Defendants' services.

42. Based upon the Defendants' unauthorized use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP", $(ISC)^2$ has no control over the quality of the source of the goods promoted and offered by the Defendants under the mark, which will injure and diminish $(ISC)^2$'s business reputation and valuable goodwill in its "CISSP®" mark.

43. Defendants' use of the title "Chief Information Systems Security

Practitioner" or acronym "CISSP" has resulted in the dilution of (ISC)$^2$'s exclusive rights in its "CISSP®" mark as used to identify certified security professionals. Defendants' use of "Chief Information Systems Security Practitioner" or "CISSP" will result in injury to (ISC)$^2$'s business reputation and will diminish the public's association of its "CISSP®" mark exclusively with (ISC)$^2$.

44.  Defendants' infringement has been willful and deliberate, with the intent to trade upon (ISC)$^2$'s goodwill in its marks. Defendants' actions have injured, and will continue to injure, (ISC)$^2$'s ability to maintain its competitive position in the marketplace with respect to the use of its "CISSP®" mark.

45.  (ISC)$^2$'s rights in its marks and goodwill associated therewith are of tremendous value, and (ISC)$^2$ will suffer irreparable harm if Defendants' infringement is allowed to continue to the detriment of (ISC)$^2$'s trade reputation and goodwill.

46.  Defendants' infringement of (ISC)$^2$'s marks has damaged (ISC)$^2$ and will result in further damage to (ISC)$^2$'s business reputation and rights in and federal registration of its "CISSP®" mark unless enjoined by this Court.

### *Plaintiff's Attempt to Resolve Infringement Through Informal Means*

47.  On October 23, 2006, General Counsel for (ISC)$^2$ notified Degraphenreed that his actions infringed on (ISC)$^2$'s federally registered trademarks and requested that he cease any and all infringing activity.

48.  On December 21, 2006, acting through counsel, (ISC)$^2$ once again notified Degraphenreed of its objections to his infringing activity.

49.  On August 16, 2007, (ISC)$^2$, through counsel, contacted Google and requested that the infringing material be removed from the Internet. Defendant Google

responded by directing (ISC)$^2$ to contact the author of the infringing material.

50. On September 11, 2007, (ISC)$^2$ sent a final cease and desist letter to Degraphenreed via certified mail. This letter was returned to (ISC)$^2$'s counsel as unclaimed at the last known address for Degraphenreed.

51. On November 8, and November 14, 2007, (ISC)$^2$, through counsel, contacted Yahoo and requested that the infringing material be removed from the Internet. Upon information and belief, Defendant Yahoo responded by removing or deleting the "cissp-MikoD" group. As of the date of this Complaint, however, the remainder of the infringing websites and groups are still present on the Internet.

## COUNT I
### (Infringement of Federally Registered Trademark) Under 15 U.S.C. §1114(1)

52. Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 46.

53. Defendants Degraphenreed's and DISS Corp.'s actions infringe upon (ISC)$^2$'s federally registered mark "CISSP®" in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT II
### (Infringement of Federally Registered Trademark) Under 15 U.S.C. §1114(1)

54. Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 48.

55. Defendants Google's and Yahoo's actions infringe upon (ISC)$^2$'s federally registered mark "CISSP®" in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT III
### (Federal Unfair Competition and False Designation of Origin) Under 15 U.S.C. §1125(a)

56. Plaintiff (ISC)² realleges and incorporates by reference paragraphs 1 through 50.

57. Defendants Degraphenreed and DISS Corp.'s actions constitute unfair competition, a false designation of origin and a false description and representation with respect to (ISC)²'s "CISSP®" mark, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT IV
### (Federal Dilution) Under 15 U.S.C. §1125(c)

58. Plaintiff (ISC)² realleges and incorporates by reference paragraphs 1 through 52.

59. Defendants Degraphenreed and DISS Corp.'s actions constitute dilution of the distinctive quality of (ISC)²'s famous "CISSP®" mark, in violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT V
### (Deceptive Trade Practices)

60. Plaintiff (ISC)² realleges and incorporates by reference paragraphs 1 through 54.

61. Defendants Degraphenreed and DISS Corp.'s actions constitute unfair and deceptive trade practices in the conduct of Defendants' trade within the State of Ohio, in violation of §4165.02 of the Ohio Revised Code.

## COUNT VI
### (Common law Infringement and Unfair Competition)

62. Plaintiff (ISC)² realleges and incorporates by reference paragraphs 1 through 56.

63. Defendants Degraphenreed and DISS Corp.'s actions constitute unfair competition and infringement of (ISC)²'s rights in its marks, in violation of common law.

## COUNT VII
### (Dilution)

64. Plaintiff (ISC)² realleges and incorporates by reference paragraphs 1 through 58.

65. Defendants Degraphenreed and DISS Corp.'s actions with respect to the use, adoption and promotion of "Chief Information Systems Security Practitioner" or "CISSP" for its services will dilute the distinctive quality of (ISC)²'s "CISSP®" mark and will injure (ISC)²'s competitive position in the marketplace.

## COUNT VIII
### (Misappropriation and Unjust Enrichment)

66. Plaintiff (ISC)² realleges and incorporates by reference paragraphs 1 through 60.

67. Defendants Degraphenreed and DISS Corp.'s actions constitute misappropriation and unjust enrichment, in violation of common law.

68. (ISC)² has no adequate remedy at law for any of the above claims for relief.

## *Prayer for Relief*

WHEREFORE, Plaintiff, International Information Systems Security Certifications Consortium, demands judgment:

1.  That each of the Defendants, and all persons acting for, with, by, through or under any of them, be enjoined and restrained perpetually from directly or indirectly:

    a.  Using "Chief Information Systems Security Practitioner" or "CISSP" or any other name or mark confusingly similar thereto, alone or in combination with any other word or words, as a trademark, service mark or trade designation in connection with the advertisement, promotion, sale or offering for sale of services related to information technology and security;

    b.  Engaging in any acts that are likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of any of the Defendants with (ISC)$^2$, or as to the origin, sponsorship, or approval of any of Defendants' services or commercial activities by (ISC)$^2$;

    c.  Engaging in any trade practice whatsoever, including those complained of herein, that tends to unfairly compete with or injure (ISC)$^2$'s "CISSP®" or other registered marks, services, and business related thereto, including the goodwill appertaining to (ISC)$^2$'s marks;

    d.  Engaging in any trade practice whatsoever, including those complained of herein, that tends to dilute the distinctive qualities of (ISC)$^2$'s "CISSP®" mark, injure (ISC)$^2$'s business reputation and ability to maintain its competitive position in the marketplace with respect to the use of its marks, and otherwise engage in any practice

that serves to diminish the public's association of (ISC)²'s "CISSP®" mark exclusively with (ISC)²; and

    e.    Registering or attempting to register "Chief Information Systems Security Practitioner" or "CISSP" or any other name or mark confusingly similar thereto, alone or in combination with any other word or words, as a trademark, service mark or trade designation in connection with the advertisement, promotion, sale or offering for sale of services or products related to information technology and security.

    2.    That Defendants be required to modify any websites in or under their control to delete any and all references "Chief Information Systems Security Practitioner" or "CISSP" or any copy or variation thereof, or any name or mark confusingly similar thereto and to instruct any and all third parties of which it is aware to delete any and all references to "Chief Information Systems Security Practitioner" from any websites in or under the control of any such third parties.

    3.    That Defendants be prohibited from creating future websites sites or other promotional materials using the terms "Chief Information Systems Security Practitioner" or "CISSP" or any copy or variation thereof, or any name or mark confusingly similar thereto.

    4.    That Defendants Degraphenreed and DISS Corp. be required to deliver to (ISC)² forthwith a complete accounting of sales and profits derived from the sale of services sold in connection with the title "Chief Information Systems Security Practitioner" or acronym "CISSP".

    5.    That Defendants Degraphenreed and DISS Corp, within 30 days after service of judgment with notice of entry thereof upon them, be required to file with the

Court and serve upon (ISC)² a written report under oath, setting forth in detail the manner in which they have complied with Paragraphs 1 through 4 of this demand for judgment.

6. That Defendants Degraphenreed and DISS Corp. account for and pay over to (ISC)² all damages sustained by (ISC)² and profits realized by Defendants by reason of their unlawful acts as alleged herein, and that the amount of damages for infringement of (ISC)²'s registered "CISSP®" mark be increased by a sum not exceeding three times the amount thereof as provided by law.

7. That (ISC)² be awarded punitive or exemplary damages from the Defendants Degraphenreed and DISS Corp. in an amount determined appropriate by this Court.

8. That (ISC)² be awarded its costs and reasonable attorney's fees.

9. That (ISC)² be awarded such other further relief as the Court may deem equitable, including, but not limited to, any relief set forth under §§34-36 of the Lanham Act, 15 U.S.C. §§1116-1118.

10. That (ISC)² be awarded all relief to which it is entitled pursuant to Civil Rule 54(c), whether requested herein.

Date: November 16, 2007

By: _____
Craig R. Carlson (0055415)
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, OH 43215
Phone: (614) 227-2163
Fax: (614) 227-2100
E-mail: ccarlson@porterwright.com

*Trial Attorney for Plaintiff*
*International Information Systems*
*Security Certifications Consortium*

Of Counsel
Joshua A. Kimsey (0080668)
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, OH  43215
Phone: (614) 227-2077
Fax: (614) 227-2100
E-mail: jkimsey@porterwright.com

*Counsel for Plaintiff
International Information Systems
Security Certifications Consortium*