IN THE UNITED STATES DISTRICT COURT FOR
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL INFORMATION SYSTEMS SECURITY CERTIFICATIONS CONSORTIUM, | : <br> : <br> : Case No. 2:07cv1195 <br> : |
| Plaintiff, | : Judge JUDGE MARBLEY <br> : |
| vs. | : Magistrate Judge <br> : MAGISTRATE JUDGE KING |
| MIKO DEGRAPHENREED, et al. | : <br> : |
| Defendant. | : |

FILED
JAMES BONINI
CLERK
2007 NOV 16  P 3: 48
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**MOTION OF PLAINTIFF FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65(a)(1) and (a)(2) of the Federal Rules of Civil Procedure, Plaintiff International Information Systems Security Certifications Consortium ("(ISC)$^2$") respectfully moves the Court for a temporary restraining order and preliminary injunction directing Defendants Google and Yahoo to modify, delete, or otherwise remove from the Internet any websites in or under their control containing a domain name or content that infringes on (ISC)$^2$'s registered federal trademarks. The grounds for this motion are more fully set forth in the accompanying Memorandum of Law. The Affidavit of Dorsey Morrow in support of this motion is attached as Exhibit 1.

Respectfully submitted,

_____
Craig R. Carlson, (0055415)
Porter Wright Morris & Arthur, LLP
41 South High Street
Columbus, OH 43215
Telephone:   (614) 227-2163
Facsimile:    (614) 227-2100
E-Mail: ccarlson@porterwright.com

*Trial Attorney for Plaintiff International Information
Systems Security Certifications Consortium*

Of Counsel
Joshua A. Kimsey
Porter Wright Morris & Arthur, LLP
41 South High Street
Columbus, OH  43215
Telephone:     (614) 227-2077
Facsimile:     (614) 227-2100
E-Mail: jkimsey@porterwright.com

*Counsel for Plaintiff International Information Systems Security Certifications Consortium*

## MEMORANDUM OF LAW

**I.     INTRODUCTION**

Defendant Degraphenreed and his former corporation, DISS Corp., are engaged in activities that infringe (ISC)$^2$'s federally-registered trademark. (ISC)$^2$ has repeatedly objected to Degraphenreed's and DISS Corp.'s infringement, and sought to resolve the dispute through informal means. The most recent attempt to contact Degraphenreed and direct him to cease and desist his infringing activities was unsuccessful. Defendants Google and Yahoo own and maintain the programming tools used to "publish" the infringing material on the Internet, as well as the servers which store and reproduce the infringing material. (ISC)$^2$ contacted Google and Yahoo, calling their attention to the infringement, but Defendants Google and Yahoo declined to delete, remove, or otherwise address Degraphenreed's and DISS Corp.'s infringing material.[1]

Thus, for these reasons and the additional reasons described below, it is appropriate for this Court to issue a preliminary injunction and permanent injunction directing Defendants to cease all infringing activity and delete or remove infringing materials under their control.

**II.    LEGAL ARGUMENT**

The Sixth Circuit has established four factors that must be considered in determining whether to issue a preliminary injunction: (1) the likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) a balancing of the irreparable injury suffered by the movant against any harm the issuance of a preliminary injunction would cause to others; and (4) whether the public interest would be served by the issuance of a preliminary injunction. *See Michigan Bell Telephone Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001); *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).

---

[1] In response to a notice from counsel, Defendant Yahoo appears to have removed or deleted one of five offending electronic mail message groups (the "cissp-MikoD" group).

These factors must be balanced against each other, and do not constitute four individual requirements that must be met. *Michigan Bell*, 257 F.3d at 592; *Six Clinics*, 119 F.3d at 400. Each of the four factors for a preliminary injunction are easily met in the present case.

### A. There is A Substantial Likelihood That (ISC)$^2$ Will Prevail Upon The Merits.

The "touchstone of liability" for trademark infringement is whether the defendant's action is "likely to cause confusion among consumers." See, e.g., *Interactive Products Corp. v. A2Z Mobile Office Solutions, Inc.*, 326 F.3d 687, 694 (6th Cir. 2003). In trademark infringement cases, courts evaluate the likelihood of confusion by examining and weighing eight factors: "(1) the strength of the senior mark; (2) relatedness of the goods and services; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) likely degree of purchaser care; (7) the intent of the defendant in selecting the mark; and (8) the likelihood of expansion of the product lines." *Id.* The factors need not all be present and courts will consider each case's "complex set of circumstances." *Id.* at 695. As described in the Complaint, Defendants Degraphenreed and DISS Corp. are clearly engaging in trademark infringement through the posting of materials on various weblogs (also known as "blogs"). Some of these blogs contain infringing material within their text, while others utilize a domain name that infringes on (ISC)$^2$'s trademark. Defendants Google and Yahoo are assisting in this trademark infringement by providing the other defendants with a means and an outlet for distributing the infringing materials. (ISC)$^2$ is likely to prevail on its claims at trial, because there is a high likelihood of confusion arising from Defendants' actions.

### 1. (ISC)$^2$'s Trademark Is Strong And Widely Recognized.

The strength of (ISC)$^2$'s mark is demonstrated by its standing within the information technology and security field. (ISC)$^2$'s "Certified Information Systems Security Professional"

certification is signified by the acronym "CISSP®". (ISC)² registered the "CISSP®" mark in March 1997, and renewed its registration in April 2007. The "CISSP®" trademark is well-recognized and highly-respected; it was the first credential accredited by the American National Standards Institute ("ANSI") as meeting the standards of the International Organization for Standardization ("ISO") in the information security field. (ISC)² works diligently to maintain and improve the quality of the "CISSP®" certification through continual revisions and adjustments to the materials contained in the accreditation examination. The strength of this mark has led a broad spectrum of private and public organizations to use (ISC)²'s services, including Scotland Yard, Interpol, Microsoft, and government agencies in the United States, Singapore, Japan, and China.

### 2. The Services Offered And Marks Are Highly Similar.

(ISC)²'s "CISSP®" certification is based on information technology and security. This credential designates that the individual is highly trained and qualified in the field of information security. Blogs maintained by Defendants Degraphenreed and DISS Corp. state that Degraphenreed is a "Chief Information Systems Security Practitioner" or "CISSP". Thus, Degraphenreed and DISS Corp. appear to be offering information technology and security services. These are the same types of services offered by those accredited through (ISC)² with the "CISSP®" certification. Additionally, the title used by Degraphenreed and DISS Corp. varies by only two words from (ISC)²'s mark ("Chief" rather than "Certified" and "Practitioner" rather than "Professional"). The fact that the Defendants purport to be active in the field of information security and use an *identical* acronym to (ISC)² greatly increases the likelihood of consumer confusion.

### 3.    Defendants Intentionally Selected An Infringing Title.

As detailed in the Complaint, Degraphenreed is a former legitimate holder of the "CISSP®" certification. His misconduct and failure to meet (ISC)$^2$'s requirements led to the lapse of this certification on July 9, 2006. At various times, both before and after the lapse of his certification, Degraphenreed referred to himself as a "Chief Information Systems Security Practitioner" or "CISSP". This choice of title is an attempt to retain some "legitimate" claim on use of the "CISSP" acronym. It appears that Degraphenreed looked to one of (ISC)$^2$'s other registered marks, "Systems Security Certified Practitioner" or "SSCP®", in choosing his "new" title. Thus, Degraphenreed clearly intended to confuse with his self-appointed title and obtain some of the goodwill associated with (ISC)$^2$'s "CISSP®" mark.

### 4.    Courts Have Found Trademark Violations In Similar Cases.

Trademark infringement on blogs and websites may take a number of forms, including infringing domain names and text such as that used by Degraphenreed and DISS Corp. In *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808 (7th Cir. 2002), the website designer for Equitrac placed the word "Copitrack" as a metatag for Equitrac's website. The term "Copitrak" was a registered trademark of Promatek, one of Equitrac's competitors. *Id.* at 811. By placing the term "Copitrack" in its website's metatag, which is used by search engine software to identify and compile lists of websites relevant to a given term, Equitrack increased the likelihood that a computer search using Promatek's registered mark ("Copitrak") would lead the consumer to Equitrac's website. *Id.* at 812. Furthermore, Equitrac admitted that it intended to use the correct spelling of "Copitrak" in its metatag. *Id.* The Seventh Circuit noted that even if consumers were only briefly confused upon arriving at Equitrac's website, "[w]hat is important is not the duration of the confusion, it is the misappropriation of [the trademark

4

holder's] goodwill." *Id.* at 812-13. The Court upheld the trial court's issuance of a preliminary injunction.

Similarly, in *PACCAR, Inc. v. TeleScan Technologies, LLC*, 319 F.3d 243 (6th Cir. 2003), overruled in part on other grounds by *KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004), the Sixth Circuit Court of Appeals upheld a preliminary injunction preventing a company from using the registered marks of another company in its website domain names. The names "Peterbilt" and "Kenworth" were registered federal trademarks of PACCAR, which had manufactured trucks under those names for more than sixty years. *Id.* at 247. Defendant TeleScan operated several websites that provided truck locator services allowing consumers to search for new and used trucks through various means, including manufacturer name. *Id.* Some of TeleScan's websites were manufacturer specific, and had domain names that incorporated PACCAR's registered marks – e.g. www.peterbiltnewtrucks.com and www.kenworthtruckdealers.com. *Id.* The District Court for the Eastern District of Michigan granted a preliminary injunction that enjoined TeleScan from using PACCAR's registered marks in its domain names. *Id.* The Sixth Circuit affirmed, finding that there was a likelihood of confusion among consumers. The Court noted that "words in domain names can and do communicate information as to the source or sponsor of the web site." *Id.* at 250. By incorporating another party's registered marks into its domain names, TeleScan created a risk that consumers would believe the websites were sponsored and owned by PACCAR. *Id.*

In the present case, Defendants Degraphenreed and DISS Corp. are utilizing an acronym that is *identical* to (ISC)$^2$'s registered mark. As in the *Promatek Industries* case, this appears to be an attempt to drive users to the Defendants' websites and to capitalize on the goodwill accrued by (ISC)$^2$. This conclusion is reinforced by the fact that Defendants Degraphenreed and

5

DISS Corp. have incorporated this infringing acronym into some of the websites' domain names – i.e. mikodegraphenreed.blogspot.com and cissplist.blogspot.com. These domain names are likely to make the reader or consumer believe that (ISC)$^2$ endorses the content contained within the websites. These factors demonstrate that (ISC)$^2$ will be able to prove trademark infringement at trial and that a preliminary and permanent injunction is appropriate.

### B.    (ISC)$^2$ Is Being Irreparably Harmed By The Defendants' Actions.

The likelihood of confusion created by Defendants' infringing use of (ISC)$^2$'s marks through the use of the improper domains and blog postings creates a presumption of irreparable harm. *Wynn Oil Co. v. American Way Serv. Corp.* (6th Cir. 1991), 943 F.2d 595, 608. Irreparable harm in such instances is presumed because "the most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of defendant's [services]." *Ideal Indus., Inc. v. Gardner Bender, Inc.* (7th Cir. 1979), 612 F.2d 1018, 1026.

(ISC)$^2$ never consented to Degraphenreed's and DISS Corp.'s use of the "CISSP$^®$" mark after Degraphenreed's certification lapsed. Therefore, Defendants' unauthorized use renders them liable under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). *See El Greco Leather Prods. v. Shoe World, Inc.* (2d Cir. 1986), 806 F.2d 392, 396.

In addition to the irreparable injury caused by the misuse and confusion arising from Degraphenreed and DISS Corp.'s unauthorized use of (ISC)$^2$'s mark, (ISC)$^2$ is being irreparably damaged because certified holders of the "CISSP$^®$" accreditation may lose potential customers that may be routed to its competitors' improper domains. "The loss of potential customers" is "a loss that cannot be calculated in money damages" and therefore qualifies as irreparable injury for purposes of an injunction. *See, e.g., Philip Morris Inc. v. Pittsburgh Penguins, Inc.* (W.D. Pa.

6

1983), 589 F. Supp. 912, 919 (ordering defendant to resume advertising pursuant to contract between the parties because "[t]he loss of potential customers who are persuaded by [that] advertising will be a loss that cannot be calculated in money damages," thereby qualifying as requisite irreparable injury); *R.J. Reynolds Tobacco Co. v. Philip Morris Inc.* (M.D.N.C. 1999), 60 F. Supp. 2d 502, 511 (noting that "loss of existing and potential customers" has "been held to satisfy the irreparable injury requirement"); *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.* (4th Cir. 1994), 22 F.3d 546, 552 ("possibility of permanent loss of customers" satisfies irreparable injury requirement); *Medtronic, Inc. v. Catalyst Research Corp.* (8th Cir. 1981), 664 F.2d 660, 663 (affirming finding that plaintiff "would suffer irreparable harm through loss of market share"); *HotJobs.com, Ltd. v. Digital City, Inc.* (Va. Cir. Ct. 2000), 53 Va. Cir. 36, 45-46 (enforcing contract where plaintiff could potentially lose customers). The loss of business by authorized "CISSP®" specialists harms (ISC)² because it reduces the esteem, prestige, and goodwill accrued in the "CISSP®" mark.

###   C.   The Balancing Of The Equities Clearly Favors (ISC)²

The balancing of the equities strongly favors (ISC)² because Defendants Degraphenreed and DISS Corp. have indisputably acted in bad faith in misappropriating (ISC)²'s mark and attempting to confuse or mislead consumers by using improper domains to divert them to Defendants' website. Defendants Google and Yahoo have facilitated these acts of bad faith and refused to act within its discretionary authority to remove or delete the infringing material. (ISC)² has repeatedly attempted to resolve these disputes through informal means, but the Defendants' intransigence has forced (ISC)² to seek judicial recourse. The Court should grant (ISC)²'s motion to prevent continued infringement of its trademarks while the action is pending.

**D.    The Public Interest Favors the Protection of Registered Trademarks**

Enforcing trademark rights supports the public's interest in knowing whose product it is purchasing. *DAP Prods., Inc. v. Color tile Mfg., Inc.* (S.D. Ohio 1993), 821 F. Supp. 488, 494. In addition to protecting consumers from confusion, the public interest is served in protecting the right of a trademark owner to control its own product's reputation, *Blockbuster Entertainment Group v. Laylco, Inc.* (E.D. Mich. 1994), 869 F. Supp. 505, 516 (citing *United States v. Hon* (2d Cir. 1990), 904 F.2d 803, 806, and by protecting customers from "confusion, fraud and deceit," *Stahly, Inc. v. M.H. Jacobs Co.* (7th Cir. 1950), 183 F.2d 914, 917. Here, consumers should know that when it sees the acronym "CISSP®" that it is receiving the services of a properly trained and licensed information security specialist.

**III.    CONCLUSION**

WHEREFORE, (ISC)² respectfully requests that this Court grant its Motion for a Temporary Restraining Order and Preliminary Injunction and order Defendants Google and Yahoo to immediately: modify, delete, or otherwise remove from the Internet any websites or other material in or under their control containing a domain name or content that infringes on (ISC)²'s registered federal trademarks.

Respectfully submitted,

_(signature)_

Craig R. Carlson, (0055415)
Porter Wright Morris & Arthur, LLP
41 South High Street
Columbus, OH 43215
Telephone:    (614) 227-2163
Facsimile:    (614) 227-2100
E-Mail: ccarlson@porterwright.com

*Trial Attorney for Plaintiff International Information Systems Security Certifications Consortium*

8

Of Counsel
Joshua A. Kimsey
Porter Wright Morris & Arthur, LLP
41 South High Street
Columbus, OH  43215
Telephone:    (614) 227-2077
Facsimile:     (614) 227-2100
E-Mail: jkimsey@porterwright.com

*Counsel for Plaintiff International Information Systems Security Certifications Consortium*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by overnight U.S. Mail, facsimile, or email this 16th day of November, 2007 upon the following:

Miko Degraphenreed
40 W. Long Street, Suite 784
Columbus, OH 43215

Kent Walker, Esq.
Vice President & General Counsel
Google, Inc.
Corporate Counsel's Office
1600 Amphitheatre Parkway
Mountain View, CA 94043

Michael J. Callahan, Esq.
Executive Vice President, General Counsel and Secretary
Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

_____
Craig R. Carlson