℅AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | OHIO |

International Information Systems Security
Certifications Consortium

**SUMMONS IN A CIVIL ACTION**

V.

Miko Degraphenreed, et al.

CASE NUMBER: 2:07-cv-1195

TO: (Name and address of Defendant)

Miko Degraphenreed
40 W. Long Street, Suite 784
Columbus, Ohio 43215

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Craig R. Carlson
Porter Wright Morris & Arthur, LLP
41 South High Street
Columbus, Ohio 43215

an answer to the complaint which is served on you with this summons, within _____ twenty (20) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

James Bonini, Clerk

| | |
|---|---|
| CLERK | 12/3/2007 |
| | DATE |

_Kristen Kepper_
(By) DEPUTY CLERK

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET    2:07 cv 1195

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
International Information Systems Security Certifications Consortium

**DEFENDANTS**
Miko Degraphenreed
Degrapheinread Information Systems Security Corporation
Google, Incorporated
Yahoo!, Incorporated

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Pinellas, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Craig R. Carlson, Esq.
41 S. High Street.
Columbus, OH 43215
(614) 227-2000

ATTORNEYS (IF KNOWN)
See Attachment

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

X 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - | ☐ 620 Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability  ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander  ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck |  | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Injury Product | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability  Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine  **PERSONAL** | Safety/Health | X 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product  **PROPERTY** | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability  ☐ 370 Other Fraud |  | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending |  |  | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability  Property Damage |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product | ☐ 360 Other Personal  ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW(405(g)) | ☐ 893 Environmental Matters |
| Liability | Injury  Product Liability | Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| **REAL PROPERTY** |  | ☐ 730 Labor/Mgmt. Reporting  & Disclosure Act |  | Information Act |
|  |  |  |  | ☐ 900 Appeal of Fee |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under |
| ☐ 220 Foreclosure |  | ☐ 790 Other Labor Litigation |  | Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 442 Employment  Sentence | Security Act | or Defendant) | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/  **HABEAS CORPUS:** |  | ☐ 871 IRS - Third Party | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | Accommodations  ☐ 530 General |  | 26 USC 7609 |  |
|  | ☐ 444 Welfare  ☐ 535 Death Penalty |  |  |  |
|  | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark Infringement, 15 U.S.C. § 1114; Unfair Competition/False Designation, 15 U.S.C. § 1125(a); Dilution, 15 U.S.C. § 1125(c)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION    ☐ UNDER F.R.C.P. 23
DEMAND Preliminary and Permanent Injunction and Damages    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES    ☐ NO

## VIII. RELATED CASE(S)  (See instructions):
IF ANY    JUDGE _____    DOCKET NUMBER _____

DATE
11/16/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# ATTACHMENT

## Attorney for Defendant Google, Inc.

Kent Walker, Esq.
Vice President & General Counsel
Google, Inc.
Corporate Counsel's Office
1600 Amphitheatre Parkway
Mountain View, CA 94043
Tel: (650) 253-0000
Fax: (650) 253-0001

## Attorney for Defendant Yahoo!, Inc.

Michael J. Callahan, Esq.
Executive Vice President, General Counsel and Secretary
Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089
Tel: (408) 349-3300
Fax: (408) 349-3301

FILED
JAMES BONINI
CLERK

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

2007 NOV 16  P 3: 48

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| International Information Systems | : | |
| Security Certifications Consortium | : | |
| 33920 US 19 North, Suite 205 | : | |
| Palm Harbor, Florida 34684 | : | |
| | : | Case No.: **2:07 cv 1195** |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge **JUDGE MARBLEY** |
| | : | |
| Miko Degraphenreed | : | Magistrate Judge |
| 40 W. Long St., Suite 784 | : | |
| Columbus, OH 43215 | : | **MAGISTRATE JUDGE KING** |
| | : | |
| and | : | |
| | : | |
| Degrapheinread Information Systems | : | |
| Security Corporation | : | |
| c/o Miko Degraphenreed | : | |
| 40 W. Long St., Suite 784 | : | |
| Columbus, OH 43215, | : | |
| | : | |
| and | : | |
| | : | |
| Google, Incorporated | : | |
| 1600 Amphitheatre Parkway | : | |
| Mountain View, CA 94043 | : | |
| | : | |
| and | : | |
| | : | |
| Yahoo!, Incorporated | : | |
| 701 First Avenue | : | |
| Sunnyvale, CA 94089 | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF INTERNATIONAL INFORMATION SYSTEMS
## SECURITY CERTIFICATIONS CONSORTIUM'S
## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, International Information Systems Security Certifications Consortium ("(ISC)²") for its Complaint against Defendants Miko Degraphenreed ("Degraphenreed"), Degrapheinread Information Systems Security Corporation ("DISSC" or "DISS Corp."), Google, Inc. ("Google"), and Yahoo!, Inc. ("Yahoo") states as follows:

### *The Parties*

1.    (ISC)² is a non-profit corporation organized under the laws of the State of Massachusetts and has its principal place of business in Palm Harbor, Florida.

2.    Upon information and belief, Defendant Miko Degraphenreed is citizen of the United States domiciled in Columbus, Ohio.

3.    Upon information and belief, Defendant DISS Corp. is a former corporation organized under the laws of the State of Ohio with its principal place of business in Ohio.

4.    Upon information and belief, the Ohio Secretary of State's office cancelled Degrapheinread Information Systems Security Corporation's certificate of incorporation on July 19, 2005 for nonpayment of fees.  DISS Corp. is named as a defendant, however, because some of the infringing activity described herein continues to be carried on in the name of DISS Corp.

5.    Upon information and belief, Defendant Google, Inc., is a Delaware corporation with its principal place of business located at Mountain View, California.

6.    Upon information and belief, Defendant Yahoo!, Inc. is a Delaware corporation with its principal place of business located at Sunnyvale, California.

## *Nature of the Action*

7.    This is an action for trademark infringement under §32 of the Lanham

Act, 15 U.S.C. §1114; federal unfair competition and false designation of origin under

§43(a) of the Lanham Act, 15 U.S.C. §1125(a); federal dilution under §43(c) of the

Lanham Act, 15 U.S.C. §1125(c); a Deceptive Trade Practice under §4165.02 of the Ohio

Revised Code; common law infringement and unfair competition; common law dilution;

and misappropriation and unjust enrichment.

8.    This action arises from the Defendants' infringement and violation of

(ISC)$^2$'s rights in its long-standing and valuable registered mark "CISSP®".

9.    "CISSP®" is an acronym for the Certified Information Systems Security

Professional certification administered by (ISC)$^2$.

10.    (ISC)$^2$ owns U.S. Federal Registration No. 2,045,256 for "CISSP®", which

issued March 18, 1997 and was renewed on April 28, 2007.

11.    Defendant Degraphenreed is a former legitimate holder of the "CISSP®"

credential, but this certification lapsed on July 9, 2006.

12.    Defendant Degraphenreed recently adopted and began using the title

"Chief Information Systems Security Practitioner", abbreviated as "CISSP", on various

Internet sites purportedly utilized for commercial or promotional purposes. Upon

information and belief, Degraphenreed or DISS Corp. maintain the following websites

containing content that infringes on (ISC)$^2$'s registered mark:

http://mikodegraphenreedcissp.blogspot.com, http://www-v2.blogspot.com,

http://degrapm.blogspot.com, http://cissplist.blogspot.com,

http://degrapmd.blogspot.com, http://mikodegraphenreed.blogspot.com, and a Yahoo!

Groups titled "cissp-MikoD", "degrapm", "cissp-humour-impaired", "cissp-clueless", and "cissp-censorship". Defendants Degraphenreed and DISS Corp. employ this modified version of (ISC)$^2$'s registered mark with full knowledge of, and disregard to, (ISC)$^2$'s use of and rights in its "CISSP$^®$" mark. Defendant Degraphenreed also maintains a copy of (ISC)$^2$'s official "CISSP$^®$" logo on an Internet photography hosting site, located at http://www.flickr.com/photos/degrapm.

13.    Defendants Degraphenreed's and DISS Corp.'s adoption and use of "Chief Information Systems Security Practitioner" or "CISSP" is, and continues to be, willful and deliberate. Degraphenreed and DISS Corp. adopted, use, and continue to use "Chief Information Systems Security Practitioner" or "CISSP" with the actual knowledge of, and in reckless disregard to, (ISC)$^2$'s rights in, and federal registration for, its "CISSP$^®$" mark.

14.    Several of the websites containing infringing material are published on the Internet through a service called "Blogger."

15.    Upon information and belief, Blogger is owned by Defendant Google, and websites published through Blogger are hosted on servers owned or controlled by Google.

16.    Upon information and belief, Google has the ability to remove or delete infringing or otherwise illegal or objectionable material posted on Blogger from the Internet.

17.    Defendant Degraphenreed has also published infringing material by means of electronic mail groups called "cissp-MikoD", "degrapm", "cissp-humour-impaired", "cissp-clueless", and "cissp-censorship" that are maintained through "Yahoo! Groups."

4

Upon information and belief, "Yahoo! Groups" is a service owned and operated by Defendant Yahoo which allows group members to exchange messages.

18.    Upon information and belief, "Flickr" is an Internet-based photography hosting and publishing service that is owned by or is a subsidiary of Defendant Yahoo.

19.    Upon information and belief, Yahoo has the ability to remove or delete infringing or otherwise illegal or objectionable material posted on Yahoo! Groups or Flickr from the Internet.

### *Jurisdiction and Venue*

20.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

21.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

### *(ISC)²'s Business and Adoption and Use of Its Marks*

22.    Plaintiff (ISC)² was formed in 1989 to develop an accepted industry standard for the information security practice.  Thus, since the dawn of the Internet era, (ISC)² has been a leader in the field of information technology and security.  (ISC)² is the non-profit leader in educating and certifying information security professionals throughout the world.

23.    (ISC)² currently has 55,000 certified information security professional members in more than 120 countries.

24.    (ISC)² first awarded the "CISSP®" certification to qualified individuals in 1994.  "CISSP®" is a principal mark of (ISC)².  (ISC)² owns U.S. Federal Registration No. 2,045,256 for "CISSP®", which issued March 18, 1997 and was renewed on April 28, 2007.

25.    Before launching its "CISSP®" accreditation program, (ISC)² laid extensive groundwork by compiling and distilling an overwhelming compendium of information to form the basis for the examination. (ISC)² tested and re-tested the proposed "CISSP®" exam to ensure the highest quality evaluation of an applicant's knowledge and skills.

26.    (ISC)² continues to improve its "CISSP®" exam to adapt to changing technologies and business security needs.

27.    (ISC)² protects the integrity of its "CISSP®" mark by requiring high standards for applicants and certified individuals. Applicants for the "CISSP®" exam must have a minimum of five years of prior experience in two of the domains covered by the exam. Applicants must also pledge to obey the (ISC)² Code of Ethics. Once certified as a "CISSP®", an individual must earn 120 hours of Continuing Professional Education credits every three years and pay an annual maintenance fee.

28.    Due to the quality of (ISC)²'s program and efforts to improve and safeguard its mark, "CISSP®" has become a widely recognized and highly-valued credential in the information technology and security field. The "CISSP®" certification was the first credential accredited by the American National Standards Institute ("ANSI") as meeting the International Organization for Standardization ("ISO") Standard 17024:2003 in the field of information security. Accreditation by the ANSI requires (ISC)² to diligently maintain high international testing and certification standards. Surveys of the information technology and security field report that holders of the "CISSP®" certification are highly-regarded and among the best-paid professionals in the field.

6

29.    In the years since 1994, (ISC)$^2$ has developed other certifications, many of
which are signified by registered marks. These certifications include Information
Systems Security Architecture Professional ("ISSAP®"), Information Systems Security
Management Professional ("ISSMP®"), and Systems Security Certified Practitioner
("SSCP®").

30.    (ISC)$^2$'s broad clientele includes esteemed organizations, such as Scotland
Yard, Interpol, Deloitte, Microsoft, the United States Department of Justice, the United
States Department of Defense, as well as government agencies in Singapore, Japan, and
China.  (ISC)$^2$'s registered marks are a signature element of its accreditation programs,
and protecting the integrity of these marks is vital to (ISC)$^2$'s business interests.

### *Degraphenreed's and DISS Corp.'s Actions and Adoption and Use of*
### *"Chief Information Systems Security Practitioner" or "CISSP"*

31.    Defendant Degraphenreed formerly earned certification as a "CISSP®" by
successfully completing the "CISSP®" exam on April 9, 2003.  (ISC)$^2$ certified
Degraphenreed as a "CISSP®" on July 9, 2003.

32.    Degraphenreed failed to adhere to the (ISC)$^2$ Code of Ethics, failed to earn
and submit the required Continuing Professional Education credits, and failed to pay his
annual maintenance fees. As a result of these failures, Degraphenreed's "CISSP®"
certification lapsed on July 9, 2006.

33.    At various times on or after the lapse of his "CISSP®" certification,
Degraphenreed made Internet postings referring to himself as a "Chief Information
Systems Security Practitioner" or "CISSP".

34.    Degraphenreed's choice of title is an attempt to artfully avoid the
requirements of federal trademark law by modifying the words "Certified" and

7

"Professional" from the "CISSP®" title to "Chief" and "Practitioner," while still

permitting Degraphenreed to claim use of the acronym "CISSP". In fact, Degraphenreed

likely relied on another of (ISC)²'s registered marks, "SSCP®", when choosing the term

"Practitioner" as part of his self-appointed title.

    35.    On December 21, 2006, counsel for (ISC)² informed Degraphenreed that

his use of "Chief Information Systems Security Practitioner" and "CISSP" was a

continuing infringement of (ISC)²'s federally-registered mark. (ISC)² objected to

Degraphenreed's activities and directed him to immediately cease and desist use of its

mark.

    36.    After receiving this cease and desist letter, Degraphenreed continued to

maintain Internet sites and make new Internet postings wherein he referred to himself as

"Chief Information Systems Security Practitioner" or "CISSP".

    37.    Confusion in the marketplace is not only likely but almost certain to occur,

if it has not already. Defendants have adopted and are using a title and acronym that

contains a dominant component virtually identical to (ISC)²'s "CISSP®" mark.

Degraphenreed's behavior and conduct will reflect back upon (ISC)² in the mind of

consumers and business affiliates because the use of the acronym "CISSP" carries the

impression of (ISC)²'s sanction and approval.

    38.    Defendants Degraphenreed and DISS Corp. adopted, used and continue to

use the title "Chief Information Systems Security Practitioner" or acronym "CISSP"

despite their actual or imputed knowledge of (ISC)²'s use and ownership of, and Federal

Registration for, its "CISSP®" mark.

8

### *Likelihood of Confusion*

39.    Defendants' use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP" in marketing its professional services is likely to cause confusion, to cause mistake, and to deceive the consumer as to the origin, source and sponsorship of the services.

40.    Defendants' use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP" will mistakenly suggest to consumers that $(ISC)^2$ in some way sponsors or approves of the Defendants' actions or services, or that the Defendants are affiliated with $(ISC)^2$ or have successfully earned and maintained the "CISSP®" certification.

41.    Defendants' use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP" constitutes false advertising and a false designation of origin which is likely to deceive customers. In viewing "Chief Information Systems Security Practitioner" or "CISSP" in connection with the Defendants' services, consumers are likely to purchase the Defendants' services believing they are affiliated with or approved by $(ISC)^2$, resulting in a loss to $(ISC)^2$'s credibility if and when the consumer becomes disillusioned or disappointed with Defendants' services.

42.    Based upon the Defendants' unauthorized use of the title "Chief Information Systems Security Practitioner" or acronym "CISSP", $(ISC)^2$ has no control over the quality of the source of the goods promoted and offered by the Defendants under the mark, which will injure and diminish $(ISC)^2$'s business reputation and valuable goodwill in its "CISSP®" mark.

43.    Defendants' use of the title "Chief Information Systems Security

9

Practitioner" or acronym "CISSP" has resulted in the dilution of (ISC)²'s exclusive rights in its "CISSP®" mark as used to identify certified security professionals. Defendants' use of "Chief Information Systems Security Practitioner" or "CISSP" will result in injury to (ISC)²'s business reputation and will diminish the public's association of its "CISSP®" mark exclusively with (ISC)².

44.    Defendants' infringement has been willful and deliberate, with the intent to trade upon (ISC)²'s goodwill in its marks. Defendants' actions have injured, and will continue to injure, (ISC)²'s ability to maintain its competitive position in the marketplace with respect to the use of its "CISSP®" mark.

45.    (ISC)²'s rights in its marks and goodwill associated therewith are of tremendous value, and (ISC)² will suffer irreparable harm if Defendants' infringement is allowed to continue to the detriment of (ISC)²'s trade reputation and goodwill.

46.    Defendants' infringement of (ISC)²'s marks has damaged (ISC)² and will result in further damage to (ISC)²'s business reputation and rights in and federal registration of its "CISSP®" mark unless enjoined by this Court.

### *Plaintiff's Attempt to Resolve Infringement Through Informal Means*

47.    On October 23, 2006, General Counsel for (ISC)² notified Degraphenreed that his actions infringed on (ISC)²'s federally registered trademarks and requested that he cease any and all infringing activity.

48.    On December 21, 2006, acting through counsel, (ISC)² once again notified Degraphenreed of its objections to his infringing activity.

49.    On August 16, 2007, (ISC)², through counsel, contacted Google and requested that the infringing material be removed from the Internet. Defendant Google

responded by directing (ISC)$^2$ to contact the author of the infringing material.

50.    On September 11, 2007, (ISC)$^2$ sent a final cease and desist letter to Degraphenreed via certified mail. This letter was returned to (ISC)$^2$'s counsel as unclaimed at the last known address for Degraphenreed.

51.    On November 8, and November 14, 2007, (ISC)$^2$, through counsel, contacted Yahoo and requested that the infringing material be removed from the Internet. Upon information and belief, Defendant Yahoo responded by removing or deleting the "cissp-MikoD" group. As of the date of this Complaint, however, the remainder of the infringing websites and groups are still present on the Internet.

## COUNT I
### (Infringement of Federally Registered Trademark)
### Under 15 U.S.C. §1114(1)

52.    Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 46.

53.    Defendants Degraphenreed's and DISS Corp.'s actions infringe upon (ISC)$^2$'s federally registered mark "CISSP$^®$" in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT II
### (Infringement of Federally Registered Trademark)
### Under 15 U.S.C. §1114(1)

54.    Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 48.

55.    Defendants Google's and Yahoo's actions infringe upon (ISC)$^2$'s federally registered mark "CISSP$^®$" in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT III
### (Federal Unfair Competition and False Designation of Origin)
### Under 15 U.S.C. §1125(a)

56.    Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 50.

57.    Defendants Degraphenreed and DISS Corp.'s actions constitute unfair competition, a false designation of origin and a false description and representation with respect to (ISC)$^2$'s "CISSP®" mark, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT IV
### (Federal Dilution)
### Under 15 U.S.C. §1125(c)

58.    Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 52.

59.    Defendants Degraphenreed and DISS Corp.'s actions constitute dilution of the distinctive quality of (ISC)$^2$'s famous "CISSP®" mark, in violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT V
### (Deceptive Trade Practices)

60.    Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 54.

61.    Defendants Degraphenreed and DISS Corp.'s actions constitute unfair and deceptive trade practices in the conduct of Defendants' trade within the State of Ohio, in violation of §4165.02 of the Ohio Revised Code.

### COUNT VI
### (Common law Infringement and Unfair Competition)

62.     Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 56.

63.     Defendants Degraphenreed and DISS Corp.'s actions constitute unfair competition and infringement of (ISC)$^2$'s rights in its marks, in violation of common law.

### COUNT VII
### (Dilution)

64.     Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 58.

65.     Defendants Degraphenreed and DISS Corp.'s actions with respect to the use, adoption and promotion of "Chief Information Systems Security Practitioner" or "CISSP" for its services will dilute the distinctive quality of (ISC)$^2$'s "CISSP$^®$" mark and will injure (ISC)$^2$'s competitive position in the marketplace.

### COUNT VIII
### (Misappropriation and Unjust Enrichment)

66.     Plaintiff (ISC)$^2$ realleges and incorporates by reference paragraphs 1 through 60.

67.     Defendants Degraphenreed and DISS Corp.'s actions constitute misappropriation and unjust enrichment, in violation of common law.

68.     (ISC)$^2$ has no adequate remedy at law for any of the above claims for relief.

13

### *Prayer for Relief*

WHEREFORE, Plaintiff, International Information Systems Security Certifications Consortium, demands judgment:

1.      That each of the Defendants, and all persons acting for, with, by, through or under any of them, be enjoined and restrained perpetually from directly or indirectly:

a.      Using "Chief Information Systems Security Practitioner" or "CISSP" or any other name or mark confusingly similar thereto, alone or in combination with any other word or words, as a trademark, service mark or trade designation in connection with the advertisement, promotion, sale or offering for sale of services related to information technology and security;

b.      Engaging in any acts that are likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of any of the Defendants with $(ISC)^2$, or as to the origin, sponsorship, or approval of any of Defendants' services or commercial activities by $(ISC)^2$;

c.      Engaging in any trade practice whatsoever, including those complained of herein, that tends to unfairly compete with or injure $(ISC)^2$'s "CISSP®" or other registered marks, services, and business related thereto, including the goodwill appertaining to $(ISC)^2$'s marks;

d.      Engaging in any trade practice whatsoever, including those complained of herein, that tends to dilute the distinctive qualities of $(ISC)^2$'s "CISSP®" mark, injure $(ISC)^2$'s business reputation and ability to maintain its competitive position in the marketplace with respect to the use of its marks, and otherwise engage in any practice

14

that serves to diminish the public's association of (ISC)$^2$'s "CISSP$^®$" mark exclusively with (ISC)$^2$; and

e.      Registering or attempting to register "Chief Information Systems Security Practitioner" or "CISSP" or any other name or mark confusingly similar thereto, alone or in combination with any other word or words, as a trademark, service mark or trade designation in connection with the advertisement, promotion, sale or offering for sale of services or products related to information technology and security.

2.      That Defendants be required to modify any websites in or under their control to delete any and all references "Chief Information Systems Security Practitioner" or "CISSP" or any copy or variation thereof, or any name or mark confusingly similar thereto and to instruct any and all third parties of which it is aware to delete any and all references to "Chief Information Systems Security Practitioner" from any websites in or under the control of any such third parties.

3.      That Defendants be prohibited from creating future websites sites or other promotional materials using the terms "Chief Information Systems Security Practitioner" or "CISSP" or any copy or variation thereof, or any name or mark confusingly similar thereto.

4.      That Defendants Degraphenreed and DISS Corp. be required to deliver to (ISC)$^2$ forthwith a complete accounting of sales and profits derived from the sale of services sold in connection with the title "Chief Information Systems Security Practitioner" or acronym "CISSP".

5.      That Defendants Degraphenreed and DISS Corp, within 30 days after service of judgment with notice of entry thereof upon them, be required to file with the

15

Court and serve upon $(ISC)^2$ a written report under oath, setting forth in detail the manner in which they have complied with Paragraphs 1 through 4 of this demand for judgment.

6.      That Defendants Degraphenreed and DISS Corp. account for and pay over to $(ISC)^2$ all damages sustained by $(ISC)^2$ and profits realized by Defendants by reason of their unlawful acts as alleged herein, and that the amount of damages for infringement of $(ISC)^2$'s registered "CISSP®" mark be increased by a sum not exceeding three times the amount thereof as provided by law.

7.      That $(ISC)^2$ be awarded punitive or exemplary damages from the Defendants Degraphenreed and DISS Corp. in an amount determined appropriate by this Court.

8.      That $(ISC)^2$ be awarded its costs and reasonable attorney's fees.

9.      That $(ISC)^2$ be awarded such other further relief as the Court may deem equitable, including, but not limited to, any relief set forth under §§34-36 of the Lanham Act, 15 U.S.C. §§1116-1118.

10.      That $(ISC)^2$ be awarded all relief to which it is entitled pursuant to Civil Rule 54(c), whether requested herein.

Date:    November 16, 2007        By: _____

Craig R. Carlson (0055415)
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, OH 43215
Phone: (614) 227-2163
Fax: (614) 227-2100
E-mail: ccarlson@porterwright.com

*Trial Attorney for Plaintiff*
*International Information Systems*
*Security Certifications Consortium*

16

Of Counsel
Joshua A. Kimsey (0080668)
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, OH  43215
Phone: (614) 227-2077
Fax: (614) 227-2100
E-mail: jkimsey@porterwright.com

*Counsel for Plaintiff*
*International Information Systems*
*Security Certifications Consortium*

FILED
JAMES BONINI
CLERK

**IN THE UNITED STATES DISTRICT COURT FOR**
**FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

2007 NOV 16 P 3: 48

|  |  |  |
|---|---|---|
| INTERNATIONAL INFORMATION SYSTEMS SECURITY CERTIFICATIONS CONSORTIUM, | : : : : | U.S. DISTRICT COURT SOUTHERN DIST. OHIO EAST. DIV. COLUMBUS Case No. **2 07 cv 1 1 9 5** |
| Plaintiff, | : : | Judge   **JUDGE MARBLEY** |
| vs. | : : | Magistrate Judge   **MAGISTRATE JUDGE KING** |
| MIKO DEGRAPHENREED, et al. | : : | |
| Defendant. | : | |

### PLAINTIFF, INTERNATIONAL INFORMATION SYSTEMS SECURITY CERTIFICATIONS CONSORTIUM'S, CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1.1 of the Federal Rules of Civil Procedure, any non-governmental corporate party to a proceeding must file a statement identifying "any parent" and "any publicly held corporation that owns 10% or more of its stock" or state that there is no such corporation. A party must file the statement upon filing a complaint, answer, motion, response or other pleading in this Court, whichever occurs first. The obligation to disclose any changes will be continuing throughout the pendency of this case.

In compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

International Information Systems Security Certifications Consortium

1.   Is said party a parent, subsidiary or other affiliate of a publicly owned corporation?

____X____ Yes          _____ No

If the answer is Yes, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

International Information Systems Security Certifications Consortium has two foreign subsidiaries: International Information Systems Security Certification Consortium Limited of the United Kingdom and International Information Systems Security Certification Consortium Limited of Hong Kong

2.   Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome? _____ Yes    ___X___ No.

If the answer is Yes, list the identity of such corporation and the nature of the financial interest: NA

_____          November 16, 2007
Craig R. Carlson  (0055415)               (Date)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Corporate Disclosure Statement of Plaintiff International Information Systems Security Certifications Consortium was served on November 16, 2007 by overnight U.S. mail, facsimile, or electronic mail on the parties whose names and addresses are listed below:

Kent Walker, Esq.
Vice President & General Counsel
Google, Inc.
Corporate Counsel's Office
1600 Amphitheatre Parkway
Mountain View, CA 94043

Michael J. Callahan, Esq.
Executive Vice President, General Counsel and Secretary
Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

Craig R. Carlson



**U.S. DISTRICT COURT**
**85 MARCONI BLVD.**
**Columbus, Ohio 43215**

*First Class Postage*

Miko Degraphenreed
40 W. Long St., Ste. 784
Columbus, Ohio 43215

RTS
RETURN TO SENDER

A
C
S

☐ INSUFFICIENT ADDRESS    ☐ OTHER
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
☒ - UNABLE TO FORWARD