IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| International Information Systems Security Certifications Consortium | : | |
| Plaintiff, | : | Case No.: 2:07-cv-1195 |
| v. | : | Judge Marbley |
| Miko Degraphenreed, et al. | : | Magistrate Judge King |
| Defendants. | : | |

### AFFIDAVIT OF JOSHUA A. KIMSEY

State of Ohio    )
              ) SS:
County of Franklin )

JOSHUA A. KIMSEY, being first duly sworn, under oath states:

1. I am over 18 years of age and am competent to testify to the matters set forth herein from my personal knowledge.

2. I am an Associate with the law firm of Porter Wright Morris & Arthur, LLP. My law firm represents Plaintiff International Information Systems Security Certifications Consortium ("(ISC)$^2$") in the above-captioned matter.

3. The current residence of Defendant Miko Degraphenreed is unknown. The efforts taken to ascertain his address are detailed herein.

4. On September 11, 2007, I performed a search of publicly-available court dockets for the United States District Courts and the Franklin County Court of Common Pleas to identify possible addresses for Miko Degraphenreed. The address for the most current lawsuit listed in these dockets was 40 W. Long Street, Suite 784, Columbus, Ohio.



5. On September 11, 2007, a cease and desist letter and copy of a draft complaint for trademark infringement was sent to Mr. Degraphenreed at 40 West Long Street, Columbus, Ohio, via United States Postal Service certified mail. This was Mr. Degraphenreed's address of record in a lawsuit he filed against (ISC)² in the Franklin County Court of Common Pleas on August 25, 2006.

6. On October 1, 2007, the certified mail envelope was returned to my office as "unclaimed" by Mr. Degraphenreed.

7. On October 8, 2007, an employee in my office performed public records searches using three commercial databases to obtain addresses for Mr. Degraphenreed. These searches indicated that the most recently-active address was 40 W. Long Street, Suite 784, Columbus, Ohio.

8. On November 16, 2007, I filed the Complaint that commenced the above-captioned action on behalf of (ISC)² with the Office of the Clerk of Court for the Southern District of Ohio ("Clerk of Court"). The Complaint incorporated Mr. Degraphenreed's last-known address at 40 W. Long Street, Suite 784, Columbus, Ohio.

9. On November 19, 2007, a representative of (ISC)² notified me of a different possible address for Mr. Degraphenreed: 884 N. 22nd Street, Columbus, Ohio.

10. On November 19, 2007, an employee in my office performed public records searches intended to verify the accuracy of the 884 N. 22nd Street address. These searches were inconclusive.

11. On November 20, 2007, the Clerk of Court issued a summons directed to Mr. Degraphenreed at 884 N. 22nd Street, Columbus, Ohio.

12. On or about November 21, 2007, a private investigator retained on behalf of (ISC)² attempted personal service on Mr. Degraphenreed at 884 N. 22nd Street, Columbus, Ohio. The investigator reported that the address did not exist.

13. On or about November 21, 2007, the private investigator performed public records searches which indicated that Mr. Degraphenreed may have used an address in Indianapolis, Indiana, in October of 2007. The possible address appeared as 3502 E. 39th Street, Indianapolis, Indiana, 46205.

14. On November 28, 2007, the Clerk of Court issued a summons directed to Mr. Degraphenreed at 3502 E. 39th Street, Indianapolis, Indiana, 46205.

15. On December 3, 2007, the Clerk of Court issued a summons directed to Mr. Degraphenreed at 40 W. Long Street, Suite 784, Columbus, Ohio.

16. My office retained a process server agency to attempt service on the Indianapolis address in December 2007. The agency reported that between December 5 and December 13, 2007, it attempted seven times to serve Mr. Degraphenreed at 3502 E. 39th Street, Indianapolis, Indiana, without success.

17. On December 17, 2007, my office provided three packages, including copies of the respective summons, to the Clerk of Court to be served on Mr. Degraphenreed at the three addresses above by certified mail, pursuant to Local Rule 4.2.

18. On December 18, 2007, the Clerk of Court entered a notation on the docket that the three packages had been issued by certified mail.

19. On December 24, 2007, the Clerk of Court entered a notation on the docket that the summons sent by certified mail to 884 N. 22nd Street, Columbus, Ohio, had been returned unexecuted.

20. On January 4, 2008, the Clerk of Court entered a notation on the docket that the summons sent by certified mail to 3502 E. 39th Street, Indianapolis, Indiana, had been returned unexecuted.

21. On January 7, 2008, the Clerk of Court entered a notation on the docket that the summons sent by certified mail to 40 W. Long Street, Suite 784, Columbus, Ohio, had been returned unexecuted.

22. On January 22, 2008, my office provided three packages, including copies of the respective summons, to the Clerk of Court to be served on Mr. Degraphenreed at the three addresses above by regular mail, pursuant to Local Rule 4.2.

23. On January 28, 2008, Mr. Degraphenreed contacted me, and the other attorneys listed on the pleadings, via electronic mail to object to his address being made public via a third-party website that makes available certain federal court pleadings.

24. On January 30, 2008, the Clerk of Court entered a notation on the docket that the summons sent by regular mail to 40 W. Long Street, Suite 784, Columbus, Ohio, had been returned undelivered.

25. On January 31, 2008, the Clerk of Court entered a notation on the docket that the summons sent by regular mail to 884 N. 22nd Street, Columbus, Ohio, had been returned undelivered.

26. On February 1, 2008, I sent a letter to Mr. Degraphenreed via electronic mail requesting that he provide a physical address where he could be reached for personal or certified mail service. (Attached as Exhibit 1 to this Affidavit.)

27. On February 2, 2008, Mr. Degraphenreed responded via electronic mail to my letter of February 1, 2008, and refused to provide a physical address for personal or certified mail service. (Attached as Exhibit 2 to this Affidavit.)

28. On February 11, 2008, the Clerk of Court entered a notation on the docket that the summons sent by regular mail to 3502 E. 39th Street, Indianapolis, Indiana, had been returned undelivered.

29. Despite the reasonable diligence described above, Mr. Degraphenreed's address cannot be ascertained.

Further, Affiant sayeth naught.

Joshua A. Kimsey

Sworn to and subscribed before me, this 18 day of February, 2008.

Linda S. Braithwaite
Notary Public

LINDA S. BRAITHWAITE
Notary Public, State of Ohio
My Commission Expires 05-05-08

# PORTER WRIGHT MORRIS & ARTHUR LLP
### Attorneys & Counselors at Law

Joshua A. Kimsey
(614) 227-2077
jkimsey@porterwright.com

41 South High Street
Columbus, Ohio 43215-6194

Facsimile: 614-227-2100
Toll Free: 800-533-2794

February 1, 2008

**VIA ELECTRONIC MAIL**

Miko Degraphenreed
degrapmd@hotmail.com

    Re:    *International Information Systems Security Certification Consortium, Inc.*
            *v. Miko Degraphenreed, et al.*
            **United States District Court, Southern District of Ohio, Eastern Division**
            **Case No. 2:07-cv-1195**

Mr. Degraphenreed:

    Thank you for your recent email communication regarding the above-referenced case pending in the District Court for the Southern District of Ohio. We represent International Information Systems Security Certification Consortium, Inc. ("$(ISC)^2$") in the litigation. A copy of the complaint in this matter is attached.

    We have attempted to serve you with a copy of the summons and complaint at three of your most recent addresses in Columbus, Ohio, and Indianapolis, Indiana. We have been unsuccessful in locating you, despite repeated attempts at personal service, certified mail service, and regular mail service.

    The purpose of this letter is to request that you provide us with a physical address where we can reach you for personal or certified mail service.

    Please respond by sending your address to us (via electronic or regular mail at the address listed above) within five (5) days of the date of this letter.

                                       Very truly yours,

                                       Joshua A. Kimsey

cc:    Craig R. Carlson, Esq. (*via email*)



EXHIBIT 1

**Kimsey, Joshua A.**

**From:** Mike Degraphenreed [degrapmd@hotmail.com]
**Sent:** Saturday, February 02, 2008 12:04 PM
**To:** Kimsey, Joshua A.; Carlson, Craig R.; dfleming@brinksofer.com
**Subject:** Complaint

Mr. Kimsey,

Mr. Degraphenreed is available here at degrapmd@hotmail.com.

He has read your complaint and have made an appearance regarding your complaint. See Docket #31.

Miko Degraphenreed's physical address is private. Case 2:07-1195 is public.

---

Subject: Letter regarding Int'l Information Systems Security Certification Consortium, Inc. v. Degraphenreed, et al.
Date: Fri, 1 Feb 2008 10:18:29 -0500
From: JKimsey@porterwright.com
To: degrapmd@hotmail.com
CC: CCarlson@porterwright.com

Mr. Degraphenreed,
Please see attached a letter related to the matter of *International Information Systems Security Certifications Consortium, Inc. v. Miko Degraphenreed, et al.*, U.S. District Court, Southern District of Ohio, Eastern Division, Case No. 2:07-cv-1195.
Thank you for your attention to this matter.

Joshua A. Kimsey
Porter Wright Morris & Arthur, LLP
41 South High St.
Columbus, OH 43215
Direct Dial: (614) 227-2077
Fax: (614) 227-2100
Email: jkimsey@porterwright.com
Website: www.porterwright.com
<<Letter to Degraphenreed 2-1-08.pdf>>
**********Notice from Porter Wright Morris & Arthur LLP**********
This message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read, print or forward it. Please reply to the sender that you have received the message in error. Then delete it. Thank you.
To comply with certain U.S. Treasury regulations, we inform you that any federal tax advice contained in this message, including attachments, is not a covered opinion as described in Treasury Department Circular 230 and therefore cannot be relied upon to avoid any tax penalties or to support the promotion or marketing of any federal tax transaction.
*********************End of Notice*********************

---

Helping your favorite cause is as easy as instant messaging. You IM, we give. Learn more.



EXHIBIT 2