# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **INTERNATIONAL INFORMATION SYSTEMS SECURITY CERTIFICATIONS CONSORTIUM,** : : : : | |
| **Plaintiff,** : | Case No. C2-07-1195 |
| v. : : | **JUDGE ALGENON L. MARBLEY** |
| **MIKO DEGRAPHENREED, et. al.,** : : | Magistrate Judge Norah M. King |
| **Defendants.** : | |

## ORDER

This matter is before the Court on Plaintiff International Information Systems Security Certification Consortium's ("(ISC)²") Motion for Extension of Time to Serve and for Service of Process by Publication. (ISC)² has made numerous attempts to serve Defendant Miko Degraphenreed by personal delivery and certified mail. His current address is unknown and he has refused to provide it. As such, Plaintiff first petitions the Court for more time. Federal Rule of Civil Procedure 4(m) gives a plaintiff one hundred and twenty days from the filing of a complaint to effectuate service. But the Court has the discretion to extend this deadline for "good cause." Fed. R. Civ. P. 4(m).[1] In this case, Degraphenreed has evaded Plaintiff's attempts to serve him. His efforts should not be rewarded. Because Plaintiff has exercised diligence, the

---

[1]Federal Rule of Civil Procedure 4(m) provides:

[i]f a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Court extends the deadline for service of the complaint and the summons to Friday, June 6, 2008.

Second, Plaintiff petitions the Court to authorize service by publication. Federal Rule of Civil Procedure 4(E)(1) provides that a plaintiff may serve a defendant "pursuant to the law of the state in which the district court is located, or in which service is effected." If a defendant's address is unknown, Ohio Rule of Civil Procedure 4.4(A)[2] permits service by publication. Such is the case here. The Court therefore directs the Clerk of the Court to effectuate service by publication on Defendants Degraphenreed and his company, Degrapheinread Information Systems Security Corporation, according to the procedures set forth by Ohio Rule 4.4(A). Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 19, 2008**

---

[2]Ohio Rule of Civil Procedure 4.4(A) provides:

> if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.